IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JUSTIN COOMER,**<br>*individually and on behalf of all similarly situated persons*,<br><br>        Plaintiff,<br><br>v.<br><br>**METHODIST LEBONHEUR HEALTHCARE,**<br>*a Tennessee Nonprofit Corporation,*<br><br>        Defendant. | Civil Action No. _____<br><br>FLSA Collective Action<br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Justin Coomer ("Plaintiff"), on behalf of himself and others similarly situated, brings this collective action against Methodist LeBonheur Healthcare ("MLH" or "Defendant") and alleges as follows:

**I.     INTRODUCTION**

Plaintiff brings this lawsuit against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and others similarly situated. Plaintiff and the putative class are current and former employees of Defendant who have received a medical or religious accommodation exempting them from Defendant's mandatory COVID-19 vaccination policy. Plaintiff and the putative class worked as hourly-paid employees throughout Defendant's hospitals and medical treatment facilities throughout the greater Memphis area.

1

## II.   JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Accordingly, jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district and division is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's corporate headquarters, principal offices, and hospitals have been located in this district and division during all times material to this action.

## III.   COLLECTIVE DESCRIPTION

3. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

    All current and former hourly-paid employees who have received a medical and/or religious accommodation exempting them from Defendant's mandatory COVID-19 vaccination policy and who have worked for Defendant full-time for at least one week at any time since receiving said medical and/or religious accommodation ("the putative class").[1]

## IV.   PARTIES

4. Defendant MLH is a Tennessee non-profit corporation with its principal office located at 1211 Union Avenue, Suite 700, Memphis, Tennessee 38104-6600. According to the Tennessee Secretary of State, MLH may be served via its Registered Agent, Monica N. Wharton, 1211 Union Avenue, Suite 700, Memphis, Tennessee 38104-6600.

---

[1] Plaintiff reserve the right to modify or amend this Collective Description upon newly discovered information gathered through the discovery process.

5. Plaintiff Coomer is and was employed by Defendant as an emergency room technician during the past three (3) years. Plaintiff Coomer's Consent to Join this collective action as the Named Representative Plaintiff is attached hereto as *Exhibit A*.

### V.   ALLEGATIONS

6. Defendant employed Plaintiff and as hourly employees during all times material. At all times material to this action, Plaintiff and the putative class have been current or former "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

7. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00, and its hourly employees, including Plaintiff and the putative class, likewise have engaged in interstate commerce during all relevant times.

8. Plaintiff and the putative class worked in excess of forty (40) hours per week within weekly pay periods during times material to this action.

9. Plaintiff and the putative class are entitled to at least the applicable FLSA minimum wage and overtime rates of pay for hours worked per week within weekly pay periods during the three (3) years preceding the filing of this collective action.

10. On November 1, 2022, Defendant implemented a COVID-19 protocol that required all of its employees to receive a COVID-19 vaccine or otherwise obtain a legally recognized accommodation.

11. This policy requires employees with medical and religious accommodations to undergo COVID-19 testing from the approved COVID-19 testing provider at least twice weekly.

12. In addition, there must be more than forty-eight (48) hours between the two weekly tests.

13. At first, from November 1 to November 23, 2021, there was only one approved testing location at the 3495 Hacks Cross Road Poplar Healthcare location.

14. However, there has also been a second location deemed acceptable, the Methodist University Hospital COVID Monoclonal Infusion Clinic.

15. Defendant required Plaintiff and the putative class to go to the approved locations *and nowhere else*. For example, one individual with an accommodation lived in Wilson, Arkansas, and was required to travel to 3495 Hacks Cross Road Poplar Healthcare for said testing rather than being able to test at the facility she was scheduled to work or go to a licensed facility of her choice.

16. Defendant should have had a common plan, policy, and practice of compensating Plaintiff and the putative class for time spent undergoing COVID-19 testing at Defendant's specified locations.

17. MLH failed to compensate its employees for time spent waiting to be tested for COVID-19, getting tested, and waiting for results in violation of the FLSA. Defendant instead violated the FLSA with a common practice of failing to compensate Plaintiff and the putative class members for the time spent undergoing COVID-19 testing at Defendant's specified locations.

18. As a result, Plaintiff and the putative class members did not receive all applicable overtime compensation within such weekly pay periods, as required by the FLSA.

19. Defendant has had a centralized, unified and common plan, de facto policy, and practice (scheme) of encouraging, enticing, condoning, inducing, permitting, and/or requiring Plaintiff and the putative class to undergo COVID-19 testing "off the clock" before and after their scheduled shifts. Accordingly, Plaintiff and the putative class members' claims are unified by a common theory of Defendant's FLSA statutory violations.

20. This common practice is a blatant violation of the FLSA. MLH must pay employees for all hours worked, including for time before employees begin their regular working hours if the task they are required to perform is necessary for the work they do.

21. The Supreme Court held in *Integrity Staffing Solutions v. Busk*, 574 U.S. 27 (2014) that preliminary and postliminary activities are compensable under the FLSA only if the activity at issue "is integral and indispensable to the principal activities that an employee is employed to perform"—that is, "one with which the employee cannot dispense if he is to perform his principal activities."

22. In workweeks where Plaintiff and the putative class worked as hourly employees and worked over forty (40) hours, their total hours worked did not include time spent waiting to be tested for COVID-19, getting tested, and waiting for results for the purposes of calculating overtime. This time is integral and indispensable under *Integrity Staffing* and is therefore compensable for purposes of the FLSA[2].

23. Defendant's failure to pay Plaintiff and the putative class the applicable FLSA overtime rates of pay for all hours worked per week within weekly pay periods during all times

---

[2] The DOL has provided guidance titled COVID-19 and the Fair Labor Standards Act Questions and Answers discussing the compensability of time spent performing temperature screenings and COVID-19 testing. https://www.dol.gov/agencies/whd/flsa/pandemic.

material to this action was willful with reckless disregard to established FLSA regulations and principles without a good faith basis.

## VII. FLSA COLLECTIVE ALLEGATIONS

24. Plaintiff hereby incorporates all of the preceding paragraphs herein.

25. Plaintiff brings this action against Defendant on behalf of himself and similarly situated individuals as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207, and 216(b).

26. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

27. The members of the collective are so numerous that joinder of all other collective members is impracticable. While the exact number of the other members of the collective is unknown to Plaintiff at this time and can only be ascertained through applicable discovery, he believes there are approximately one hundred individuals in the putative collective.

28. The claims of Plaintiff are typical of the claims of the collective. Plaintiff and the putative class are individuals who work or have worked at Defendant's hospitals were subjected to Defendant's same operational, compensation, and timekeeping policies and practices, without being paid fully for all their aforementioned wage claims at the applicable FLSA overtime compensation rates of pay.

29. Plaintiff and the putative class are similarly situated in that Defendant failed to compensate them at the applicable overtime rates of pay for all hours worked per week within weekly pay periods during times material to this action.

30. Plaintiff and other individuals are similarly situated in that their aforementioned unpaid wage claims are unified through common theories of Defendant's FLSA statutory violations.

31. Common questions of law and fact exist as to the collective, which predominates over any questions only affecting other members of the collective individually and include, but is not limited to, the following:

    - Whether Plaintiff and the putative class were expected and/or required to perform work without being paid full compensation;

    - Whether Defendant failed to pay Plaintiff and the putative class the applicable FLSA overtime rates of pay for all work performed;

    - The correct statutes of limitations;

    - Whether Plaintiff and the putative class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

    - Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff and the putative class.

32. Plaintiff will fairly and adequately protect the interests of the collective as his interests are aligned with those of the other members of the collective. Plaintiff has no interests adverse to the collective, and he has retained competent legal counsel who is experienced in collective action litigation.

33. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. In addition, the expenses, costs, and burden of litigation suffered by individual members of the collective in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the collective to individually seek address for the wrongs done to them.

34. Plaintiff and the putative class have suffered and will continue to suffer irreparable damage from Defendant's unlawful policies, practices, and procedures.

## COUNT I
### *VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME*

35. Plaintiff hereby incorporates all of the preceding paragraphs herein.

36. Plaintiff and the putative class were employees entitled to the FLSA's protections at all relevant times.

37. The FLSA entitles employees to time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1),

38. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and the putative class the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

39. As a result of Defendant's willful failure to compensate Plaintiff and the putative class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

40. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Defendant did not have a good faith basis for its failure to pay Plaintiff and the putative class the applicable FLSA overtime compensation for all hours worked over forty (40) per week within weekly pay periods at all time material.

42. Due to Defendant's violations, Plaintiff and putative class members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, liquidated damages, including the employer's share of FICA, FUTA, state unemployment

insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, collectively, and on behalf of himself and all other similarly situated members of the collective, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action and promptly issue a notice pursuant to 29 U.S.C. § 216(b), apprising collective members of the pendency of this action and permitting other members of the collective to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime compensation to Plaintiff and the putative class at the applicable and respective FLSA overtime rates of pay;

C. An award of liquidated damages to Plaintiff and the putative class;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and the putative class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and the putative class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: February 1, 2022.         Respectfully Submitted,

*/s/ B. Alan Matthews*
J. Russ Bryant (TN BPR #033830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
B. Alan Matthews (TN BPR #37828)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745

*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*
*amatthews@jsyc.com*

*Attorneys for Plaintiff and others similarly situated*